IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARCELINO RODRIGUEZ, on behalf of himself and all others similarly situated, | ) ) ) ) | Civil Action No. |
| Plaintiff, | ) ) | |
| v. | ) ) | JURY TRIAL DEMANDED |
| MARIETTA FISH MARKET, LLC, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

# COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff Marcelino Rodriguez ("Plaintiff" or "Rodriguez"), by and through undersigned counsel, on behalf of himself and all similarly situated individuals, and files this Complaint against Defendant Marietta Fish Market, LLC ("MFM") and shows the following:

### I.   Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.  As to Count I, Plaintiff brings this action as the representative party for all similarly situated employees of Defendant.

2.

This action seeks declaratory relief, along with liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff and similarly situated individuals in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

## II.   Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Defendant MFM is a Georgia limited liability company and resides in this district. Defendant does business in and is engaged in commerce in the State of Georgia. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's and the putative class' claims occurred in this district.

## III.   Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

Defendant MFM owns and operates several restaurants in the metropolitan Atlanta, Georgia area, including Pasta Bella, Marietta Diner, Marietta Fish Market, Yeero Village and Casa Grande.

7.

From January 2010 to now, Plaintiff has been employed as a cook by Defendant.

8.

Within the last two years, Plaintiff has worked at Defendant's Cherokee Cattle Company and Marietta Fish Market restaurants.

9.

Throughout his employment with Defendant, Plaintiff regularly worked 65 – 75 hours per workweek, and was paid for significantly fewer work hours. For example, in numerous weeks in which Plaintiff worked 65 – 75 hours in the kitchen at Cherokee Cattle Company and Marietta Fish Market, he was paid for 51 or fewer work hours.

10.

In all instances in which Defendant failed to pay Plaintiff for overtime hours he worked at the restaurants, Defendant had full knowledge that Plaintiff worked

the hours he was not paid for. Plaintiff was assigned work schedules by Defendant's management that consisted of 65 – 75 hours each week, and was intentionally paid for substantially fewer hours each week.

11.

During Plaintiff's employment with Defendant, including within the last two years, Defendant has applied this same illegal pay practice to other Hispanic cooks, at a minimum, at the company's Cherokee Cattle Company and Marietta Fish Market, i.e. Defendant has required Hispanic workers to work well in excess of 40 hours per week and refused to pay them any compensation, including overtime compensation, for some of the hours they work over 40 in workweeks.

12.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

13.

Throughout his employment with Defendant, Plaintiff's primary job duty was manual labor, specifically serving as a cook at Defendant's restaurants. Throughout Plaintiff's employment, he has been paid on an hourly basis.

14.

Within the last two years, Plaintiff worked alongside other cooks at Defendant's restaurants performing the same or similar job duties, work hours, and other job requirements.

15.

Plaintiff and the other cooks that have been denied wages for overtime hours are all employees paid on an hourly basis.

16.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000.00 per year.

17.

Defendant is an "employer" within the definition of the FLSA, § 29 U.S.C. §203(d).

18.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §§ 204 and §207.

## IV.   Collective Action Allegations

19.

Plaintiff brings Count I of this Complaint on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b). Plaintiff and the similarly situated individuals are individuals who currently or formerly have been employed by Defendant, at any time during the last three (3) years, as cooks that were paid on an hourly basis and not paid overtime compensation for hours worked over 40 in given workweek(s).

20.

During the last three years, Plaintiff and the Collective Class routinely worked in excess of (40) hours per workweek without receiving overtime compensation for some of the hours they worked over 40 hours in given work weeks while performing the duties of cooks for Defendant.

21.

Defendant was aware that Plaintiff and the Collective Class were working in excess of 40 hours in given workweeks without receiving overtime compensation.

22.

During the last three years, Defendant failed to keep accurate time records for all hours worked by Plaintiff and the Collective Class.

23.

During the last three years, the primary duty of cooks was the performance of non-exempt work.

24.

During the last three years, Defendant paid Plaintiff and members of the Collective Class an hourly rate, but did not pay Plaintiff and members of the Collective Class compensation, including overtime compensation, for some of their hours worked over 40 in workweeks.

25.

During the last three years, Plaintiff and the Collective Class regularly worked in excess of 40 hours in given workweeks without receiving overtime compensation for hours worked in excess of 40 in such weeks.

26.

Defendant's cooks, including Plaintiff and the Collective Class, are entitled to overtime pay for the hours they worked over 40 in given workweeks. Defendant's practices violate the provisions of the FLSA, 29 U.S.C. § 201, <u>et seq</u>. including but not limited to 29 U.S.C. § 207.  As a result of Defendant's unlawful practices, Plaintiff and the Collective Class have suffered lost wages.

## Count I

## Violation of the Overtime Wage Requirement of
## the Fair Labor Standards Act (Plaintiff and the Collective Class)

27.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

28.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff and the Collective Class worked in excess of 40 hours in given workweeks.

29.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of 40 hours in a workweek.

30.

Defendant suffered and permitted Plaintiff and the Collective Class to routinely work more than 40 hours per week without overtime compensation.

8

31.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff and the Collective Class at the required overtime rate.

32.

Defendant knew, or showed reckless disregard for the fact that it failed to pay Plaintiff and the Collective Class overtime compensation in violation of the FLSA.

33.

Defendant failed to accurately report, record and/or preserve records of hours worked by Plaintiff and the Collective Class, and thus has failed to make, keep and preserve records with respect to each of their employees sufficient to determine their wages, hours and other conditions and practices of employment, in violation of the FLSA.

34.

Plaintiff and the Collective Class were subject to the same unlawful policies of Defendant, i.e. Defendant's failure to pay Plaintiff and the Collective Class for some of their hours worked over 40 in workweeks.

35.

Defendant's violations of the FLSA were willful and in bad faith.

36.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff and the Collective Class are entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Count II

### Violation of 29 U.S.C. § 215(a)(3)
**(FLSA Retaliation – as to Plaintiff Marcelino Rodriguez)**

37.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

38.

On April 4, 2016, Plaintiff mailed correspondence to Defendant notifying the company of the counsel's representation of Plaintiff regarding, *inter alia*, FLSA overtime claims.

39.

Defendant received notice of Plaintiff's counsel's representation of Plaintiff.

40.

During Rodriguez's work shift on Wednesday, April 13, 2016, at the Cherokee Cattle Company, Defendant's agent began videotaping Plaintiff and other cooks that were working in the restaurant.

41.

When Plaintiff advised that he was uncomfortable being videotaped, Defendant's agent escorted Plaintiff into a private room, wherein Defendant's representative, *inter alia*, threatened to get Rodriguez deported in discussing Mr. Rodriquez' claims against the business, including his FLSA claim. Defendant's representative stated, among other things, that Defendant could have Plaintiff deported back to Mexico within a matter of days.

42.

During the meeting, which Defendant's representative refused to allow Plaintiff to leave despite his requests to do so, Defendant's representative referred to Rodriguez as a "wetback" several times and stated he would bring money to pay off Rodriguez, while further telling Rodriguez not to involve his attorneys in the process.

43.

29 U.S.C. § 215(a)(3) makes it unlawful for any person…to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA], or has testified or about to testify in any such proceeding, or has served or is about to serve on an industry committee.

44.

The FLSA's definition of the word "person" includes "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

45.

Defendant is a "person" under the FLSA and was prohibited from retaliating against Plaintiff because he engaged in activity protected under the FLSA.

46.

Defendant's actions, policies and/or practices as described above violate the FLSA's anti-retaliation provision, 29 U.S.C. § 215(a)(3).

47.

Defendant knew that its conduct violated the FLSA, and Defendant acted with malice or with reckless indifference to Plaintiff's federally protected rights.

48.

Defendant's violations of the FLSA were willful and in bad faith.

49.

Plaintiff engaged in statutorily protected activity under the FLSA by, *inter alia*, opposing an employment practice he believed was unlawful under the FLSA, e.g. by retaining counsel and, through counsel, advising Defendant of his FLSA claim for unpaid overtime.

50.

Plaintiff suffered adverse actions as a result of his statutorily protected conduct, *to wit*: he has been threatened, intimidated, and called racial slurs.

51.

Defendant's retaliatory conduct was not "wholly unrelated" and was, in fact, directly related to Plaintiff engaging in activity protected under the FLSA.

52.

Plaintiff's statutorily protected activity was the motivating factor in Defendant's decision to retaliate against Plaintiff.

53.

As a direct and proximate result of the retaliation, Plaintiff has suffered emotional distress, for which he is entitled to recover from Defendant.

54.

Pursuant to the FLSA, 29 U.S.C. § 215(a)(3), Plaintiff is entitled to recover actual and liquidated damages, including lost wages, as well as compensatory damages, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendant and award Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D) Grant conditional certification and provide notice of this action to all similarly situated individuals;

(E) Grant Plaintiff leave to add additional claims if necessary; and

(F)     Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 15th day of April, 2016.

                              **BARRETT & FARAHANY**

                              /s/ V. Severin Roberts
                              V. Severin Roberts
                              Georgia Bar No. 940504

                              Attorney for Plaintiff Marcelino Rodriguez

1100 Peachtree Street, Suite 500
Atlanta, Georgia 30309
Telephone: (404) 214-0120
Facsimile: (404) 214-0125
vsroberts@justiceatwork.com
amanda@ justiceatwork.com