IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCELINO NAVICHOQUE RODRIGUEZ, on behalf of himself and all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>MARIETTA FISH MARKET, LLC, and CONSTANTINE TSELIOS,<br><br>   Defendants. | Civil Action<br>No. 1:16-cv-01220-WSD |

**JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiff Marcelino Rodriguez ("Plaintiff" or "Rodriguez") and Defendants Marietta Fish Market, LLC ("MFM") and Constantine Tselios ("Tselios") ("Defendants") (Plaintiff and Defendants collectively the "Parties"), jointly request that this Court approve the Parties' settlement of the above captioned matter. Because Plaintiff's action and claims arise under the Fair Labor Standard Act ("FLSA"), the Parties' settlement agreement must be approved by this Court and said approval must be entered as a stipulated final judgment.

**I.**     **Legal Principles and Application to Settlement**

Pursuant to the case law regarding settlement of FLSA claims, there are two

ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor.  *See* 29 U.S.C. 216(c) of the FLSA; *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353 (11th Cir. 1982).  Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the District Court enters a stipulated judgment approving the fairness of the settlement.  *Id*.; *see also Sculte, Inc. v. Gandi,* 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L.Ed. 1114 (1946); *Jarrad v. Southeastern Shipbuilding Corp.,* 163 F.2d 960,961 (5th Cir. 1947).  In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or

> computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354.

The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement agreement to resolve and release Plaintiff's FLSA claims against Defendants. The proposed settlement arises out of an action brought by Plaintiff against Defendants, which was adversarial in nature. During the litigation and settlement of this action, Plaintiff was represented by experienced counsel.

The Parties agree that the instant action involves disputed issues regarding the payment of overtime wages under the FLSA. The Parties dispute whether Plaintiff was denied any overtime during his employment. Plaintiff contends that he worked overtime hours, without being paid one and one half times his regular hourly rate for some of his overtime hours. Defendants contend that Plaintiff was properly paid. Accordingly, the Parties dispute whether Plaintiff was paid for all of the hours he worked each week over 40 hours per week. The Parties further dispute whether liquidated damages are appropriate. Defendants contends that they can satisfy the elements of the "good faith defense" to liquidated damages, 29 U.S.C. § 260. Plaintiff contends that liquidated damages are appropriate. The Parties further

disagree with respect to whether a two or three year statute of limitations applies to Plaintiff's claims.

The Parties agree that the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Plaintiff's counsel discussed the disputed factual and legal issues in person, over the phone and over electronic mail with counsel for Defendants.  The Parties formulated and exchanged their own proposed settlement figures.  The Parties then engaged in settlement discussions, based upon their independent calculations.  The Parties, through their attorneys, voluntarily agreed to the terms of their settlement during negotiations.  All parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. Pursuant to the settlement, Plaintiff will receive $3,000 in satisfaction of his FLSA overtime claim, and his counsel will receive $2,000 in fees and costs. The Parties have resolved all other disputes between them, including the separate action pending in Cobb County Superior Court, Civil Action No. 16-1-7217 for separate consideration.

## II.   Conclusion

The Parties jointly and respectfully request that this Court approve the settlement agreement of the Parties, and dismiss the instant action with prejudice.

Respectfully submitted, this 1st day of December, 2016.

| | |
|---|---|
| /s/ Zahra S. Karinshak<br>Zahra S. Karinshak<br>Georgia Bar No. 407911<br>Patricia King Minton<br>Georgia Bar No. 594943<br>**KREVOLIN & HORST, LLC**<br>One Atlantic Center<br>1201 West Peachtree Street, NW<br>Suite 3250<br>Tel: 404-888-9700<br>Fax: 404-888-9577<br>karinshak@khlawfirm.com<br>minton@khlawfirm.com<br>Attorneys for Constantine Tselios | /s/ John S. Snelling<br>John S. Snelling<br>Georgia Bar No. 665759<br>**Lewis Brisbois Bisgaard & Smith LLP**<br>1180 Peachtree Street, NE<br>Suite 2900<br>Atlanta, GA 30309<br>404.567.6588<br>john.snelling@lewisbrisbois.com<br>Attorney for Marietta Fish Market, LLC |
| /s/ V. Severin Roberts<br>V. Severin Roberts<br>Georgia Bar No. 940504<br>**Barrett & Farahany, LLP**<br>1100 Peachtree Street, NE<br>Suite 500<br>Atlanta, GA 30309<br>404.214.0120<br>vsrobers@bf-llp.com<br>Attorneys for Plaintiff | |

## CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this **JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND MEMORANDUM OF LAW IN SUPPORT** complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the United States District Court for the Northern District of Georgia. Counsel hereby states that this filing has been typed in Times New Roman 14 count.

s/John S. Snelling<br>
John S. Snelling<br>
Georgia Bar No. 665759

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of December, 2016, I electronically filed the foregoing Joint Motion for Settlement Approval and Memorandum of Law in Support with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

                                                                  s/John S. Snelling
                                                                  John S. Snelling
                                                                  Georgia Bar No. 665759